11-245-cr
United States v. Hertular

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
                    *Circuit Judges*,
           KENNETH M. KARAS,
                    *District Judge*.[*]

--------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    No. 11-245-cr

ROBERT HERTULAR,
                    *Defendant-Appellant*.

--------------------------------------------------------------------------------


FOR APPELLANT:          Robert Hertular, *pro se*, Butner, New York.

FOR APPELLEE:           Jesse M. Furman, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

--------------------

[*] The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on January 14, 2011, is AFFIRMED.

Defendant Robert Hertular appeals <u>pro se</u> from an amended judgment entered after remand, <u>see</u> <u>United States v. Hertular</u>, 562 F.3d 433 (2d Cir. 2009), which again sentences him to a total of 400 months' incarceration on his convictions for drug trafficking and obstruction of justice.[1] Hertular now challenges both the district court's jurisdiction to enter any judgment against him and its reimposition of an identical 400-month sentence on remand. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     <u>Jurisdiction</u>

Hertular claims that the district court lacked jurisdiction to impose any judgment in this case because it had dismissed all pending indictments. The argument is defeated by the record, which shows that, of the three indictments filed in this case, the district court dismissed only the original indictment and the first superseding indictment. Because the

---

[1] Hertular's original appellate counsel, Elizabeth Fink, was relieved after notifying the court that she had been appointed by the district court for the limited purpose of filing the notice of appeal and that Hertular wished to proceed on appeal <u>pro se</u>. Upon Hertular's filing of a <u>pro se</u> brief and his request for appointment of another counsel, the court assigned Julia Heit, who now advises that she has identified no colorable argument beyond those advanced by Hertular himself. Accordingly, we address Hertular's <u>pro se</u> filing on this appeal, construing it liberally to make the strongest arguments suggested. <u>See</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006).

second superseding indictment was not dismissed, the district court had jurisdiction to enter judgment against Hertular.

2.    Resentencing

Hertular argues that his 400-month sentence is both procedurally and substantively unreasonable, a claim we review for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

To the extent Hertular reasserts procedural claims raised and addressed by this court on his initial appeal, they are barred from further review by the law-of-the-case doctrine. See United States v. Williams, 475 F.3d 468, 475 (2d Cir. 2007). Insofar as Hertular asserts new procedural error in the district court's failure to conduct a de novo resentencing on remand, see Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (observing that "resentencing usually should be de novo when a Court of Appeals reverses one or more convictions and remands for resentencing" (emphasis and internal quotation marks omitted)), the record belies this contention.

Before the district court, both parties agreed that the court was required to conduct a de novo resentencing. The transcript shows that the district court did just that, even if it did not itself use the words "de novo" or explicitly state that it had considered the 18 U.S.C. § 3553(a) sentencing factors. See United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (disavowing "formulaic requirements" and "robotic incantations" for discharging court's sentencing duties (internal quotation marks omitted)); United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006) (presuming, in absence of contrary record evidence, that sentencing

judge has faithfully discharged duty to consider statutory factors). The district court explained that it imposed the same 400-month sentence on remand because (1) the "factual mosaic" underlying Hertular's convictions had not changed, and (2) Hertular's reversed concurrent one-year sentence for impeding a federal law enforcement officer did not warrant any change in the concurrent 400-month sentence originally imposed on the upheld drug convictions. Under these circumstances, we identify no procedural error.

In asserting substantive unreasonableness, Hertular bears a heavy burden because we generally accord considerable deference to sentencing judges' substantive determinations as to the sentence warranted in a particular case and will set aside such determinations "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). This is not such an exceptional case. Hertular's 400-month sentence is plainly severe, but below the Sentencing Guidelines recommendation of life imprisonment, which resulted from Hertular's extensive drug trafficking and his murderous threats against DEA agents in Belize. See United States v. Friedberg, 558 F.3d 131, 137 (2d Cir. 2009) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (internal quotation marks omitted)).

In urging otherwise, Hertular argues that his sentence is unreasonable when compared to sentences imposed on defendants convicted of similar crimes. In fact, Hertular's sentence is commensurate with sentences imposed on other significant drug traffickers. See, e.g.,

United States v. Francisco Gonzalez Uribe, No. 09 CR 723 (LAK) (S.D.N.Y. 2010) (360 months for cocaine trafficking); United States v. George Enrique Herbert, No. 03 CR 211 (SHS) (S.D.N.Y. 2005) (400 months for cocaine trafficking). Where, as here, such trafficking is accompanied by plots to kill federal agents, we cannot conclude that the challenged 400-month sentence falls outside the broad range of choices available to the district judge. See United States v. Cavera, 550 F.3d at 189; United States v. Jones, 531 F.3d 163, 173–74 (2d Cir. 2008).

Insofar as Hertular concedes that his claim of ineffective assistance of counsel should be raised pursuant to 28 U.S.C. § 2255, see Massaro v. United States, 538 U.S. 500, 504–05 (2003); United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003), we do not review the claim on this appeal, leaving Hertular to pursue a collateral challenge, if he so chooses, through that more appropriate vehicle.

We have considered Hertular's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5