14-761-cr
*United States v. Cramer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fifteen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　　　　*Chief Judge*,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　*Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　14-761-cr

THOMAS CRAMER, AKA Ryan,

　　　　　　*Defendant-Appellant.*

———————————————————————————

| For Defendant-Appellant: | JAY S. OVSIOVITCH (Jeffrey L. Ciccone, *on the brief*), Federal Public Defender's Office, Rochester, New York. |
|---|---|
| For Appellee: | MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States |

Attorney for the Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Thomas Cramer appeals from a judgment of conviction and sentence of 360 months' imprisonment and 15 years of supervised release, entered on February 21, 2014 by the U.S. District Court for the Western District of New York (Geraci, *J.*), following his guilty plea to four counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and (b)(2). On appeal, Cramer challenges his judgment of conviction and sentence on several grounds, including that: (1) there was an insufficient factual basis for the district court to have accepted his guilty plea as to one of the counts; (2) his sentence was procedurally unreasonable because he received a two-point U.S. Sentencing Guidelines Manual ("U.S.S.G.," or "Guidelines") enhancement for his leadership role in the offense; and (3) his sentence was substantively unreasonable because the district court failed to account for his substantial physical ailments that he contends render his thirty-year sentence a "*de facto* life sentence."[1] For the reasons explained below and in the separate opinion that will be filed with this order, we affirm

---

[1] Cramer also argues that his sentence was procedurally unreasonable because he received a two-point Guidelines enhancement under Guidelines section 2G1.3(b)(3) for the use of a computer in the commission of his crimes. We address this issue in a separate opinion, in which we hold that: (1) the district court did not err in applying the enhancement to Counts 1, 3, and 4, and (2) any alleged error in applying the enhancement to Count 2 was harmless, even assuming *arguendo* that the district court erred.

the judgment and sentence of the district court. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

First, Cramer argues that the district court erred in accepting his guilty plea as to Count 2 of the Indictment because there was an insufficient factual basis for the plea. Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that the district court ensure that there is a factual basis for a defendant's guilty plea. Because Cramer did not first raise his Rule 11 challenge before the district court, we review his challenge for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To find plain error, we must determine "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

Cramer argues that the district court erred because there were insufficient facts to show that he violated 18 U.S.C. § 1591(a)(1) by "enticing" the victim in Count 2 — Victim 2 — to engage in an underage commercial sex act. Cramer contends that he instead pleaded to facts that established at most an attempt to entice because the victim was not actually persuaded to engage in any sexual activity. We need not determine whether the district court erred in accepting this guilty plea based on these facts, however, because Cramer has failed to demonstrate that any purported error affected his substantial rights. To show plain error, a defendant must show, *inter alia*, "that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v.*

3

*Dominguez Benitez*, 542 U.S. 74, 83 (2004)). To determine whether the defendant has demonstrated the required prejudice, "we consider, *inter alia*, any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision to plead guilty, as well as the overall strength of the Government's case." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) (internal quotation marks omitted).

In this case, Cramer has presented no evidence that suggests a reasonable probability that but for any error, he would not have pleaded guilty to the four counts of the Indictment. It is speculative and implausible that the defendant would have refused to enter a guilty plea had he noted this purported defect in the Indictment. After all, he does not deny that he attempted to entice Victim 2, and the government could have easily charged him with attempted sex trafficking, instead of with the substantive offense. *See* 18 U.S.C. § 1594(a) ("Whoever attempts to violate . . . [18 U.S.C. §] 1591 shall be punishable in the same manner as a completed violation of that section."). Because Cramer would have faced identical liability had he been charged with the attempt, *see id.*, he has failed to show how he was prejudiced by any purported Rule 11 error. Accordingly, we affirm the judgment of conviction as to Count 2.

Second, Cramer asserts that his sentence of 360 months' imprisonment is both substantively and procedurally unreasonable. When reviewing a sentence for reasonableness, we apply "a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks omitted). A review for reasonableness "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (internal quotation marks omitted).

4

Cramer contends that the district court procedurally erred by applying a two-level role enhancement. "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). We review the factual findings concerning the defendant's role for clear error, while reviewing the legal determination that those findings support an enhancement *de novo*. *See United States v. Tian*, 339 F.3d 143, 156 (2d Cir. 2003).

Pursuant to the Guidelines, a defendant's offense level may be increased by two levels if the defendant was "an organizer, leader, manager, or supervisor" of a participant in a criminal activity, where that activity involved fewer than five participants. U.S.S.G. § 3B1.1(c). A defendant is properly considered a manager or supervisor "if he exercised some degree of control over others involved in the commission of the offense or played a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Hertular*, 562 F.3d 433, 448 (2d Cir. 2009) (internal quotation marks omitted). Moreover, a defendant need only manage or supervise one other participant to warrant a role enhancement. *See United States v. Garcia*, 413 F.3d 201, 223 (2d Cir. 2005). If such management or supervision is found, "the adjustment is mandatory." *United States v. Burgos*, 324 F.3d 88, 92 (2d Cir. 2003).

The record amply supports the district court's application of this enhancement to all four counts. For example, Cramer located and recruited women, including all four victims, through various social network sites, rented and drove a car to take the victims and other prostitutes to their appointments, rented rooms for use by Victim 1 and other prostitutes, paid for and posted

advertisements for Victims 1, 3, and 4, and claimed that he would pay for a variety of expenses and split the profits equally with the women. This conduct more than suffices to support a role enhancement for each of the counts in the Indictment. Moreover, any error in the application of the role enhancement as to Victim 2 does not affect Cramer's Guidelines calculation.

Cramer also asserts that the district court substantively erred by imposing a sentence of 360 months' imprisonment because such a sentence is a "*de facto* life sentence" in light of his health and medical condition. Appellant's Br. 51–56. Upon substantive review, "[t]he length of the sentence imposed is what is examined," *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010), and a sentencing court's decision should be classified as substantively unreasonable only if it "cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted).

Here, Cramer fails to show that his sentence was substantively unreasonable. The district court carefully considered Cramer's age and health, but also considered the severity of his offense and a variety of other factors under 18 U.S.C. § 3553(a). As such, the district court's within-Guidelines sentence can easily "be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

6

We have considered Cramer's remaining arguments and find them to be without merit.

For the reasons stated herein and in the separate opinion accompanying this order, the district court's judgment of conviction and sentence are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk