14-875-cr
U.S. v. Stevenson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand and fifteen.

Present:
BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
   *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

   *Appellee*,

  v.             No. 14-875-cr

AARON J. STEVENSON,

   *Defendant–Appellant*.

───────────────────────────────────────────────

| | |
|---|---|
| For Defendant-Appellant: | John Humann, Federal Public Defender's Office, Western District of New York, Buffalo, NY. |
| For Appellee: | Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

───────────────────────────────────────────────

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Aaron Stevenson ("Stevenson") appeals from a March 17, 2014 judgment of conviction entered in the United States District Court for the Western District of New York (Arcara, *J.*). Stevenson originally pled guilty in 2008 to possession with intent to distribute five grams or more of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and was sentenced principally to 77 months' imprisonment followed by five years' supervised release. In 2012, pursuant to 18 U.S.C. § 3582(c), his sentence was reduced to 57 months' imprisonment. The five-year supervised release term remained unchanged. In this appeal, Stevenson challenges the sufficiency of the evidence supporting the district court's finding that he violated two conditions of supervised release: that he "not commit another federal, state or local crime" and that he "not unlawfully possess a controlled substance." JA at 37. He also argues that the district court erroneously relied on hearsay statements and that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. Because sufficient non-hearsay evidence supports the district court's findings of guilt on the Violation Petition's three charges, we do not address Stevenson's argument as to the hearsay evidence. We also hold that Stevenson's sentence is not substantively unreasonable.

**I. The Sufficiency of the Evidence to Sustain the Violation of Supervised Release**

Stevenson challenges the sufficiency of the evidence supporting the district court's findings of guilt on the Violation Petition's three charges: violation of a federal law, 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute (Charge One); violation of two state

laws, N.Y. Penal Law § 221.30, criminal possession of marijuana in the first degree, a Class C felony, and N.Y. Penal Law § 221.05, unlawful possession of marijuana, a violation level offense (Charge Two); and unlawful possession of a controlled substance, marijuana (Charge Three). Stevenson contends that the court's finding that he unlawfully possessed marijuana was clearly erroneous. Stevenson also challenges the district court's admission of certain hearsay statements during the revocation hearing.

Stevenson's arguments are unavailing because the non-hearsay evidence was sufficient to support the district court's findings of guilt—and thus its decision that Stevenson violated two of his conditions of supervised release. After considering a subset of the 18 U.S.C. § 3553(a) sentencing factors, a district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e). "We accord strong deference to a district court's credibility determinations, particularly where that court based its findings on such determinations." *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006). "[W]e review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual findings for clear error." *Id.* at 810.

The following facts are undisputed: Stevenson was present at an apartment just before and just after a package addressed to that apartment was delivered. The package contained eleven pounds of marijuana wrapped in cellophane. Stevenson left the apartment and drove around the block several times just before the package delivery. He returned to the apartment just after it was delivered. Stevenson had a close relationship with Carrillo Prim, the resident of the apartment. While executing a search warrant, police found a plastic bag of marijuana directly underneath Stevenson and almost $2,000 in cash, much of it in $20 bills, in his pocket.

3

Stevenson was unemployed at the time. Police also found a digital scale, 78 unused plastic vials commonly used for packaging drugs for sale, a piece of mail addressed to Stevenson at the apartment, and two prescription medication bottles bearing his name. After his arrest, Stevenson told the mother of his children that "[Prim]'s just got to take the fall for it." JA at 141–42.

It is true, as Stevenson points out, that he presented innocent explanations for much of this evidence at the revocation hearing—the cash was a loan from his aunt, his behavior surrounding the delivery was that of a jealous lover, the letter addressed to him could have been the result of Prim applying for a credit card in his name, he brought a bottle of prescription medication to the apartment that morning, and his reference to Prim "tak[ing] the fall" was an expression of his hope that Prim would "take full responsibility for [her] actions." *Id.* at 132–42. But the district court's credibility determinations and the reasonable inferences it drew from the evidence informed its findings that Stevenson possessed the marijuana in the package and that he intended to distribute it. Observing Stevenson's demeanor at the revocation hearing, and in light of its determination that Detective Mulhern and other officers testified credibly, the district court found Stevenson's denial that he lived at the apartment and his denial that he possessed the marijuana to be "self-serving and not entirely credible." *Id.* at 166. The court also did not credit Stevenson's explanation for his "counter-surveillance" behavior surrounding the package delivery, his denial that he asked an officer not to "throw him under the bus," or his explanation of his insistence during a phone call that Prim "take the fall." *Id.* at 166–67. After listening to the recording of Stevenson's phone call, the court noted: "At no time during the phone call, wherein defendant discusses at length the circumstances of the charges against him, does defendant deny knowledge or possession of the marijuana." *Id.* at 167. Stevenson's contention that the district court should have placed greater weight on the fact that Prim pled guilty to state crimes is

4

unavailing. Prim's guilty plea does nothing to resolve the question of whether Stevenson violated his conditions of supervised release. The fact that Prim acknowledged her role in the crimes does not mean Stevenson was not also involved.

Because the non-hearsay record evidence amply supports the district court's findings of guilt by a preponderance of the evidence on all three charges alleged in the Violation Petition, the district court did not err in revoking Stevenson's supervised release. Therefore, even assuming the court erred in admitting Prim's hearsay statements, such error was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *United States v. Dukagjini*, 326 F.3d 45, 61–62 (2d Cir. 2002) ("Reversal is necessary only if the error had a substantial and injurious effect or influence in determining the jury's verdict.") (internal quotation marks omitted).

## II. The Substantive Reasonableness of Stevenson's Sentence

Citing 18 U.S.C. § 3553(a)'s "parsimony provision," Stevenson argues his sentence is substantively unreasonable in light of the "underwhelming proof of guilt presented at the [revocation] hearing" and the fact that this was his first violation of supervised release. Appellant's Br. at 23–24. This court reviews sentences for "reasonableness," a concept that encompasses both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008) (en banc). Substantive review examines the length of the sentence imposed, *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010), under a "deferential abuse-of-discretion standard." *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). The factors we consider are well known. *See, e.g.*, *Cavera*, 550 F.3d at 189; *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009); *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009).

At sentencing Stevenson made no objection to the district court's adoption of the Guidelines range and presented no mitigation argument. Absent any objection, the district court explicitly adopted the Probation Department's Guidelines range calculation of 51 to 63 months, and noted that the statutory maximum was 60 months. Reviewing the short period of time between the beginning of Stevenson's period of supervised release and the violations and the hefty penalties associated with his criminal conduct, the court asked Stevenson when he would get his "wake-up call." JA at 175–77. The court also pointed out that if Stevenson is ever convicted of another federal crime he will face sizable penalties. The court sentenced Stevenson to 56 months' imprisonment with no period of supervised release, a sentence in the middle of the applicable Guidelines range.

Stevenson's arguments that his sentence is substantively unreasonable are unconvincing. That the sentence followed his first violation is of little significance given that the conduct underlying the violations occurred less than two months after he began the period of supervised release. The court properly considered the fact that Stevenson "was in jail for a pretty good period of time and he comes out within a very short period of time, he's back doing what he was doing before." *Id.* at 175; *see* U.S.S.G. ch. 7, part A, intro. comment. 3(b) (explaining the Sentencing Commission's policy guideline that on a violation of supervised release "the court should sanction primarily the defendant's breach of trust"). Stevenson's conduct demonstrated that supervision was inadequate as a deterrent. While the district court was required to consider the "nature and circumstances of the offense" under 18 U.S.C. § 3553(a)(1), it was under no obligation to consider Stevenson's post-hoc assessment of the strength of the evidence at the revocation hearing. On this record, it cannot be said that Stevenson's sentence falls outside the

range of permissible decisions. Stevenson's argument that his sentence is substantively unreasonable is without merit.

## III. Conclusion

We have considered Stevenson's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK