08-3763-cr
United States v. Friedberg

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2008

(Argued: February 3, 2009      Decided: March 2, 2009)

Docket No. 08-3763-cr

------------------------------------------------------------X

UNITED STATES OF AMERICA,

Appellee,

- v. -

DANIEL FRIEDBERG,

Defendant-Appellant.

------------------------------------------------------------X

Before:   POOLER and KATZMANN, Circuit Judges, PRESKA, District Judge.[1]

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, J.), convicting defendant, after a guilty plea, of five counts of tax evasion. We hold that the district court properly considered defendant's uncharged embezzlement when it applied an abuse of trust enhancement at sentencing.

AFFIRMED.

---

[1] The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

ELIZABETH A. GEDDES, Assistant United States Attorney, for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York (Emily Berger, on the brief), for Appellee.

GEORGE R. GOLTZER, Goltzer & Adler, New York, New York, for Defendant-Appellant.

PRESKA, District Judge:

Daniel Friedberg pleaded guilty to five counts of tax evasion in violation of 26 U.S.C. § 7201. When calculating the applicable advisory Sentencing Guidelines range, the district court included a two-point increase in offense level for abuse of a position of trust, pursuant to U.S.S.G. § 3B1.3, and sentenced Friedberg to twenty-six months' incarceration. On appeal, Friedberg challenges the abuse of trust enhancement and argues that his sentence was substantively unreasonable. We conclude that the district court's sentencing determination was proper. Accordingly, we affirm.

**BACKGROUND**

Friedberg was Grand Secretary for the Independent Order of Odd Fellows ("Odd Fellows") from 1986 to 2004. Between 2000 and 2004, he embezzled $562,000 of the organization's funds. He paid personal bills, made mortgage payments for himself and a friend, and purchased health insurance for non-employees with his ill-

gotten gains.  Friedberg also wrote organizational checks payable to either cash or himself and deposited these funds (totaling $298,436) as savings.  He did not, however, report any of the embezzled funds as income.

The government ultimately charged Friedberg with five counts of tax evasion, to which he pleaded guilty on January 23, 2008. The United States Probation Office subsequently prepared a Pre-sentence Investigation Report ("PSR") for Friedberg.  In the PSR, the Probation Office calculated the base offense level at sixteen based on a tax loss of more than $80,000. See U.S.S.G. § 2T4.1(F).  It then added a two-level enhancement for failing to report more than $10,000 of income in a given year pursuant to U.S.S.G. § 2T1.1(b)(1) and a two-level enhancement for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3.  Finally, the Probation Office deducted three points for Friedberg's acceptance of responsibility under U.S.S.G. § 3E1.1, yielding a total offense level of seventeen.  For this offense level, combined with a criminal history category of I, the Sentencing Guidelines recommend a range of imprisonment of 24 to 30 months. See U.S.S.G. Ch. 5, Pt. A.

Over defense counsel's objection, the district court accepted the PSR's application of the abuse of trust enhancement in calculating the offense level.  The court then sentenced

3

Friedberg to a term of imprisonment of twenty-six months. Friedberg now appeals his sentence.

**DISCUSSION**

We review a challenged sentence for "reasonableness." United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008)(internal quotation marks omitted). This inquiry has both procedural and substantive components. Id. Under the procedural component, we determine whether the district court relied on erroneous factual findings, correctly calculated the applicable Guidelines range, treated the Guidelines as advisory, and considered the factors listed in 18 U.S.C. § 3553(a). See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008)(en banc). The substantive component focuses on whether, under the totality of the circumstances, the sentence is "'within the range of permissible decisions.'" Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)). We assess both procedural and substantive reasonableness under an abuse of discretion standard. Id. at 188. This standard contemplates de novo review of legal questions and clear-error review of the district court's factual determinations. United States v. Salim, 549 F.3d 67, 72 (2d Cir. 2008).

On appeal, Friedberg challenges his sentence as both procedurally and substantively unreasonable. With respect to the former, he argues the district court's application of the abuse

4

of trust enhancement was legal error.  As to the latter, he argues that his age and personal characteristics rendered imposition of a Guidelines sentence improper.

**A.    Enhancement for Abuse of a Position of Trust**

Friedberg concedes that he abused a position of trust with respect to Odd Fellows by virtue of his embezzlement.  However, he argues that this abuse cannot support a sentencing enhancement because he did not occupy a position of trust with respect to the government, which was the primary victim of his tax evasion.  We must therefore determine whether the district court properly considered the circumstances of Friedberg's embezzlement from Odd Fellows when imposing the abuse-of-trust enhancement.  For the reasons that follow, we think it did.

Under the Sentencing Guidelines, a two-point enhancement is warranted if the defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3.  In determining whether to apply this enhancement, a sentencing court must consider "a defendant's role in the offense" on the basis of "[r]elevant [c]onduct," which is not limited to the "elements and acts cited in the count of conviction."  U.S.S.G. Ch. 3, Pt. B, introductory cmt.  Relevant conduct includes "all acts and omissions committed . . . by the

defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). Where, as here, the offenses at issue may be grouped under U.S.S.G. § 3D1.2(d), the sentencing court is to consider "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."[2] U.S.S.G. § 1B1.3(a)(2).

In United States v. Cianci, the Third Circuit held that a defendant's uncharged embezzlement constituted relevant conduct supporting an abuse of trust enhancement in the offense level calculation for a tax evasion conviction. 154 F.3d 106 (3d Cir. 1998). Noting that the Sentencing Guidelines instruct courts to consider "[c]onduct that is not formally charged or is not an element of the offense of conviction", U.S.S.G. § 1B1.3, background cmt. para. 1, the Cianci court reasoned that the defendant's abuse of his position as a high ranking corporate official enabled him to embezzle the income he failed to report

---

[2] The base offense level and specific offense characteristics for tax evasion are provided in U.S.S.G. § 2T1.1. Guidelines section 3D1.2(d) includes offenses covered by U.S.S.G. § 2T1.1 among those "to be grouped." Section 3D1.2(d) also includes embezzlement, covered by U.S.S.G. § 2B1.1, as eligible for grouping because the offense level for embezzlement is likewise "determined largely on the basis of the total amount of harm or loss."

6

and thus constituted relevant conduct to be considered at sentencing. 154 F.3d at 112-13.  Several circuits have employed similar reasoning to uphold abuse of trust enhancements in analogous circumstances. See United States v. Gricco, 277 F.3d 339, 361-62 (3d Cir. 2002) (applying Cianci in finding that uncharged embezzlement was relevant conduct to tax evasion supporting abuse of trust enhancement); United States v. Young, 266 F.3d 468, 478 (6th Cir. 2001) (finding Cianci persuasive in holding that the district court correctly "used the Defendant's embezzlement activities as relevant conduct to enhance the money laundering offense level for abuse of position of trust"); United States v. Duran, 15 F.3d 131, 134 (9th Cir. 1994) (the district court properly considered law enforcement officer's use of his position to steal money from suspected drug dealers to support application of an abuse of trust enhancement in connection with his structuring conviction); see also United States v. Fife, 471 F.3d 750, 753 (7th Cir. 2006) (affirming abuse of trust enhancement for tax evasion where defendant abused his position of trust to facilitate fraudulent scheme); United States v. Bhagavan, 116 F.3d 189, 192-93 (7th Cir. 1997) (abuse of trust enhancement to tax evasion sentence warranted where defendant majority shareholder used his position to divert money from the company).

Two circuit courts, however, have held to the contrary.  In United States v. Barakat, the Eleventh Circuit overturned an abuse of discretion enhancement resulting from the district court's consideration of the defendant's participation in an illegal "kickback" scheme when imposing a sentence for tax evasion. 130 F.3d 1448 (11th Cir. 1997).  This result stemmed from the Barakat court's conclusion that the sentencing court could consider only conduct relating to the offense of conviction when determining whether to apply the enhancement. Id. at 1455. Barakat has since been criticized as inconsistent with the plain language of the Guidelines requiring courts to look beyond "elements and acts cited in the count of conviction" when evaluating relevant conduct. U.S.S.G. Ch. 3, Pt. B, introductory cmt.; see Young, 266 F.3d at 479 ("The Eleventh Circuit's position . . . contravenes a plain reading of the Sentencing Guidelines."); Cianci, 154 F.3d at 111 (criticizing the Barakat court's interpretation of relevant conduct as unduly narrow).

In United States v. Guidry, the Tenth Circuit held that an abuse of trust enhancement is appropriate with respect to a tax evasion offense only where the defendant occupies "a position of trust vis-à-vis the government." 199 F.3d 1150, 1160 (10th Cir. 1999).  In Guidry, the defendant used her position as controller to embezzle millions of dollars from her employer and was

subsequently convicted for failing to report the illicit income. Unlike the Eleventh Circuit in Barakat, the Guidry court noted that "the district court may have been correct in finding [that the defendant's] embezzlement activity was relevant conduct, committed to avoid detection of her false income tax returns." Id. at 1159-60. It nonetheless held that an abuse of trust enhancement was improper because the defendant did not occupy a position of trust with respect to the victim of her tax evasion. Id. at 1160.

The Guidry court's holding thus depends on the assumption that the government is always the sole victim of a tax evasion offense. However, other circuits have expressly rejected this premise. In United States v. Bhagavan, the Seventh Circuit upheld an abuse of trust enhancement in a tax evasion conviction based on the defendant's exploitation of his majority shareholder status and corporate rank to divert funds from the company. 116 F.3d 189. The court viewed the defendant's argument that the government was the sole victim of the tax evasion as a logical "fallacy." Id. at 193. It reasoned that the defendant abused his corporate position as part of an overall scheme to enrich himself at the company's expense and avoid taxes. Therefore the corporation, its shareholders, and the government were all victims the offense. Id. ("It is enough that identifiable victims

of [the defendant's] overall scheme to evade his taxes put him in a position of trust and that his position 'contributed in some significant way to facilitating the commission or concealment of the offense.'" (quoting U.S.S.G. § 3B1.3, cmt. n.1)); see also Fife, 471 F.3d at 753 ("[The defendant] incorrectly argues that because his crime is tax evasion, and the United States government is the direct victim of his crime, the abuse of position of trust enhancement is only proper if it was the United States that placed him in a position of trust."); Cianci, 154 F.3d at 112 ("Admittedly, the employer-victim here was not the victim of the offense of conviction, but no language in the applicable sentencing guideline so circumscribes the enhancement.").

We employed similar reasoning to uphold an abuse of trust enhancement in United States v. Cusack, 229 F.3d 344 (2d Cir. 2000). There, the defendant had been convicted for mail and wire fraud resulting from his sale of forged documents purportedly belonging to President John F. Kennedy. To lend authenticity to his forgeries, the defendant used his position as a paralegal to obtain unsupervised access to the vault of the Archdiocese of the Catholic Church, a firm client, and steal genuine deeds showing transfers of land from the Kennedy family to the Archdiocese. This Court held that the enhancement was properly applied even

10

though the primary victims of the fraud were the purchasers of defendant's forgeries. We reasoned that while the enhancement necessarily requires abuse of substantial discretion afforded by the victim to the defendant, "the victim whose trust the defendant abused need not have been the primary victim of the fraud." Id. at 349. We then found that "the Archdiocese was plainly a secondary victim of Cusack's crime" because its documents had been stolen to facilitate the crime of conviction and some of the forgeries implicated it in fictitious intrigues. Id.

We think that both Cusack and Cianci apply with equal force here. Friedberg's tax evasion was part of a larger scheme to embezzle funds and hide the income. He effectuated the scheme by abusing his position as Grand Secretary of Odd Fellows and shielding the illicit income from the government. The embezzlement accomplished in this manner was part and parcel of the crime of conviction insofar as it both provided Friedberg with the funds he failed to report and tended to conceal the criminal activity. As such, it was undoubtedly relevant conduct. Cf. Cianci, 154 F.3d at 112-113 ("[Defendant's] abuse of his position of trust . . . by conducting the complex transactions that facilitated his uncharged criminal conduct leading to his receipt of the income he failed to report may properly be

11

considered as relevant conduct."); Duran, 15 F.3d at 134 (the district court properly considered conduct forming part of a "common scheme" to avoid detection when imposing an abuse of trust enhancement in a sentence for structuring). Furthermore, the abuse of trust inherent in Friedberg's embezzlement victimized both the government and Odd Fellows by depriving them of funds rightfully theirs. See Bhagavan, 116 F.3d at 193 (finding multiple victims of a tax evasion offense); cf. Cusack, 229 F.3d at 349 ("the victim whose trust the defendant abused need not have been the primary victim"). The district court was therefore free to apply an enhancement on the basis of Friedberg's abuse of his position of trust to effectuate the scheme resulting in his conviction for tax evasion. U.S.S.G. § 3B1.3.

Friedberg argues that this conclusion is foreclosed by our decisions in United States v. Broderson, 67 F.3d 452 (2d Cir. 1995), United States v. Jolly, 102 F.3d 46 (2d Cir. 1996), and United States v. Nuzzo, 385 F.3d 109 (2d Cir. 2004). We disagree. In Broderson, we reversed an abuse-of-trust enhancement where the defendant had acted out of a misguided attempt to protect his employer, to whom the trust was owed. 67 F.3d at 455. In Jolly, we reversed where the defendant was not in a position of trust with respect to the lenders whose trust he

12

had purportedly abused. 102 F.3d at 48. Here, by contrast, Friedberg both occupied a position of trust at Odd Fellows and used it to effectuate a scheme harmful to that organization. Nuzzo is also distinguishable because there we found insufficient evidence to support the conclusion that the defendant used his position to effectuate his crimes. 385 F.3d at 116. Friedberg, on the other hand, clearly utilized his position at Odd Fellows to embezzle funds which he hid from the government.

Friedberg also contends that upholding an abuse-of-trust enhancement here would open the floodgates to similar enhancements for anyone convicted of tax evasion. Not so. We hold only that where, as here, a defendant's tax evasion was part of a larger scheme constituting relevant conduct, an integral part of which involved abusing a position of trust, the sentencing court may properly apply an enhancement under U.S.S.G. § 3B1.3.

**B.   Substantive Reasonableness**

Friedberg also challenges his sentence as substantively unreasonable. We will "set aside a district court's substantive determination only in exceptional cases." Cavera, 550 F.3d at 189. Friedberg's is not among them. The district court properly calculated the applicable Sentencing Guidelines range and considered the factors enumerated in 18 U.S.C. § 3553(a). It

13

then imposed a sentence near the bottom of the applicable guidelines range.  While not presumptively reasonable, we have noted that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006)).  We see nothing in this record to indicate that the district court imposed an unacceptably harsh sentence here.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.