09-0057-cr
*USA v. Torres (Nix)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand and ten.

PRESENT: JON O. NEWMAN,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                  *Appellee,*

        -v.-                              09-0057-cr; 09-1558-cr

CHARLES NIX, JAMAINE MINGO,

                  *Defendants-Appellants.*[*]

---

---

[*] A third Defendant-Appellant originally named in this appeal, Sean Torres, has been granted an extension of time to respond to an *Anders* brief. Therefore, this third Appellant's appeal, No. 09-0168, is hereby severed from the consolidated appeals of Defendants-Appellants Nix and Mingo, Nos. 09-0057 and 09-1558, and No. 09-0168 will be decided by a new panel in the ordinary course upon the filing of additional papers as required by a summary order filed this day in 09-0168. The Clerk of the Court is directed to amend the official caption in this action to conform to the caption in this order.

FOR APPELLANTS:     MICHAEL P. MANSION, Albany, NY (*for* Mr. Nix); RICHARD L. MOTT, Albany, NY (*for* Mr. Mingo).

FOR APPELLEE:     RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, Albany, NY (Paul D. Silver and Terrence M. Kelly, Assistant United States Attorneys, *of counsel*).

Appeal from the United States District Court for Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants appeal from judgments of the United States District Court for the Northern District of New York (Scullin, *J.*). All judgments discussed in this order arise from the same underlying charge of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a), 846. Appellant Nix entered a guilty plea and was sentenced, in contested part, to 240 months' imprisonment. Appellant Mingo was convicted following trial. This Court has jurisdiction to review both judgments under 28 U.S.C. § 1291. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant Nix challenges his sentence of 240 months as

2

excessive.  This challenge is without merit.  We review sentencing decisions of lower courts under an abuse of discretion standard.  *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009).  We have reviewed Appellant Nix's arguments for why he should be afforded a special downward departure in sentencing, but do not find them sufficient to warrant interference with the result below.  Judge Scullin cannot be said to have abused his discretion in imposing the statutorily required minimum sentence of 240 months.  Accordingly, we affirm the sentence imposed on Appellant Nix.

Appellant Mingo challenges his conviction on two grounds.  First, he contends that the evidence adduced at trial was insufficient to support conviction.  Second, he claims that the district court erred in failing to deliver his preferred jury instruction concerning the so-called "buyer-seller exception" to the law of conspiracy.  Both challenges are without merit.

In a sufficiency challenge, we review the evidence below in the light most favorable to the government, construing all permissible inferences in the government's favor.  *United States v. Reyes*, 157 F.3d 949, 955 (2d Cir.

3

1998).  Credibility determinations made by a jury must be respected and in ordinary circumstances must not be replaced by our own evaluations of the witness credibility.  *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).  Accordingly, we decline to usurp the jury's role in determining credibility and conclude that the evidence presented at trial was sufficient as a matter of law to support conviction.

With respect to Appellant Mingo's objection to the district court's instruction on the "buyer-seller exception," it is true that a buyer-seller relationship, without more, is insufficient to establish a conspiracy.  *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998).  However, while the fact of a buyer-seller relationship does not in itself establish that either party was a member of a conspiracy, such a relationship "does not insulate a buyer from a conspiracy charge 'if the facts support such a charge.'"  *United States v. Rojas*, No. 09-3007-cr, ___ F.3d ___ (2d Cir. Aug. 12, 2010) (quoting *United States v. Parker*, 554 F.3d 230, 232 (2d Cir. 2009)).  Here, additional facts were adduced at trial beyond the existence of a buyer-seller relationship between Appellant Mingo and other

members of the underlying conspiracy.  Further, Judge Scullin properly instructed the jury that, while they might consider the existence of a buyer-seller relationship in determining whether the defendant entered into a conspiracy, such a relationship alone would not be sufficient to so determine.  *Cf. Rojas*, ___ F.3d at ___.  Therefore, we find that the instruction given the jury was not in error.

For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk