10-3330-cr
United States v. Failing

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

Present:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>RICHARD C. WESLEY,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                    No. 10-3330-cr

VINCENT FAILING,

>*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Donna R. Newman, Buttermore Newman Delanney & Foltz, LLP, New York, NY. |
| For Appellee: | Robert A. Sharpe and Paul D. Silver, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Vincent Failing appeals from a judgment of conviction and sentence entered on August 13, 2010 by the United States District Court for the Northern District of New York (McAvoy, *J.*), which convicted him of one count of conspiracy to possess methamphetamine with intent to distribute and sentenced him to 77 months' imprisonment and five years' supervised release. On appeal, Failing argues that the district court erred at trial in admitting certain out-of-court statements made by a co-conspirator under Federal Rule of Evidence 801(d)(2)(E); that the admission of these statements violated his rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment; that the district court procedurally erred at sentencing by refusing to properly consider his claim that he is addicted to methamphetamine; and that the district court's sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

"When an objection is made to the admission of alleged hearsay statements, we review a district court's factual findings for 'clear error.'" *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999) (quoting *United States v. Orena*, 32 F.3d 704, 711 (2d Cir. 1994). "To admit an out-of-court declaration under [Rule 801(d)(2)(E)], the district court must find by a preponderance of the evidence," among other things, "that the statement was made . . . in furtherance of the conspiracy." *United States v. James*, 712 F.3d 79, 105 (2d Cir. 2013) (quoting *United States v. Farhane*, 634 F.3d 127, 161 (2d Cir. 2011)). The record below reveals no error in the admission

2

of the out-of-court statements of Failing's co-conspirator under this rule. The district court expressly found that the co-conspirator's recorded statements "were made in furtherance of the methamphetamine distribution conspiracy." Special App. 26–27. As for the three particular statements Failing argues were not made in furtherance of the conspiracy, the district court reasonably could have found that each of these statements "provide[d] reassurance, . . . s[ought] to induce a coconspirator's assistance, . . . serve[d] to foster trust and cohesiveness, or inform[ed] [conspirators] as to the progress or status of the conspiracy." *United States v. Desena*, 260 F.3d 150, 158 (2d Cir. 2001) (quoting *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88 (2d Cir. 1999)).

As to Failing's constitutional challenges, "we review a district court's 'conclusions of law, including those involving constitutional questions, *de novo*.'" *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 135 (2d Cir. 2008) (quoting *United States v. Fell*, 531 F.3d 197, 209 (2d Cir. 2008)) (brackets and ellipses omitted). It is well established that the Confrontation Clause "bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). We determine whether a statement is or is not "testimonial" by examining "the declarant's awareness or expectation that his or her statements may later be used at a trial." *Farhane*, 634 F.3d at 163 (quoting *United States v. Saget*, 377 F.3d 223, 228 (2d Cir. 2004)).

Here, there is no question that the co-conspirator was unaware that he was speaking to a government agent or that his statements might later be used at trial. *See id.* ("In general,

statements of co-conspirators in furtherance of a conspiracy are non-testimonial." (quoting *United States v. Logan*, 419 F.3d 172, 178 (2d Cir. 2005))). And Failing offers no authority for his suggestions that nontestimonial statements made to government agents should be subject to a balancing analysis or that the admission of numerous nontestimonial statements somehow violates his right to a fair trial.

Finally, with respect to Failing's sentencing challenge, we review criminal sentences under an abuse-of-discretion standard for procedural and substantive reasonableness. *United States v. Cavera*, 550 F.3d 180, 189 (2008) (en banc). Failing argues that the district court below procedurally erred by failing to properly consider Failing's claim that his addiction to methamphetamine impaired his mental faculties and impeded his ability to understand his own actions and to participate in his own defense, warranting a reduced sentence. But the district court specifically acknowledged Failing's addiction before pronouncing the sentence, and the record establishes that the district court fully heard and considered Failing's arguments.

To the extent Failing takes issue with the weight the district court chose to give to his addiction, "[t]he particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). And Failing's bottom-of-the-Guidelines sentence falls well within the range of permissible decisions under the circumstances. *See United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009).

We have considered all of the defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK