United States of America v. Faustin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                    14-367

Flaubert Faustin,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Murray Singer, Law Office of
                            Murray E. Singer, Port
                            Washington, New York.

FOR APPELLEE:               Christopher L. Nasson, Jo Ann M.
                            Navickas, Assistant United
                            States Attorneys (for Kelly T.
                            Currie, Acting United States

1

Attorney for the Eastern District of New York), Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court be **VACATED**, and the case **REMANDED** for resentencing.

Flaubert Faustin appeals from the judgment of the United States District Court for the Eastern District of New York (Irizarry, J.), sentencing him to 24 months' imprisonment for violating the conditions of his supervised release. See 18 U.S.C. § 3583(e)(3). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Faustin contends that the 24-month sentence is both procedurally and substantively unreasonable. We agree that the district court committed procedural error, so we vacate the judgment and remand for resentencing. We do not address Faustin's argument that the sentence was so long as to be substantively unreasonable.

**1.** "We review a challenged sentence for reasonableness. This inquiry has both procedural and substantive components." United States v. Friedberg, 558 F.3d 131, 133 (2d Cir. 2009) (internal citation and quotation marks omitted).

Examples of procedural error include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007).

Unpreserved claims of procedural error are reviewed under the plain error standard. United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). On plain error review, "an appellate court may, in its discretion, correct an error not raised" before the district court

only where the appellant demonstrates that (1) there is an error; (2) the error is clear or

obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

If a sentence is procedurally sound, the Court then reviews its substance. "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Thavaraja, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted).

**2.** During Faustin's plea allocution, the district court asked Faustin several questions about whether he knew what he did was wrong. Each time, Faustin answered that he did. See Hr'g Tr. at 24 (Q: "Did you understand that you were committing a crime by doing that?"; A: "Of course I understand that, yeah, yes."); Hr'g Tr. at 33 ("It was hard for me, but I knew it was wrong.").

However, one justification stated by the court for imposing the statutory maximum sentence was that Faustin was "act[ing] like [he] didn't really know that it was wrong . . . to have a phony driver's license." Hr'g Tr. at 34. The district court implied that Faustin was being dishonest, and threatened to "have the prosecutor go ahead and indict [Faustin] for perjury." Hr'g Tr. at 24.

By "selecting a sentence based on clearly erroneous facts," the district court erred. Gall, 552 U.S. at 51. That error was plain--no reasonable reader of the hearing transcript could conclude that Faustin was "act[ing] like [he] didn't really know that it was wrong . . . to have a phony driver's license." Hr'g Tr. at 34.

As to the third prong of the plain error test, Faustin has satisfied his burden to show a "reasonable probability that the error affected the outcome" of the sentencing proceedings. Marcus, 560 U.S. at 262. The district court explicitly cited the misinterpreted comments and Faustin's

3

perceived dishonesty as justification for imposition of the statutory maximum sentence.  See Hr'g Tr. at 34.

Finally, we exercise our discretion to correct the error under the fourth prong of the plain error test, because allowing the error to stand would "seriously affect[] the fairness . . . of judicial proceedings." Marcus, 560 U.S. at 262.  Apparently because of a significant factual misunderstanding, Faustin was sentenced to the statutory maximum sentence--above the guidelines range, and above the government's recommendation.  And correcting the error would not entail a significant further investment of judicial resources.

We vacate the sentence as procedurally unreasonable and remand for resentencing.

**3.**  Faustin also contends that the 24-month sentence was substantively unreasonable.  Because we vacate the sentence as procedurally unreasonable, we express no view on substantive unreasonableness.

**\*   \*   \***

For the foregoing reasons, we hereby **VACATE** the sentence imposed by the district court, and **REMAND** for resentencing.  Because Faustin has by now served at least 15 months of his 24-month sentence, the mandate shall issue forthwith.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4