17-655-cr
*United States v. Eisenhart*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand eighteen.

PRESENT:     GUIDO CALABRESI,
             JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                          17-655-cr

             v.

DAVID EISENHART,

                    *Defendant-Appellant.*

---

FOR APPELLEE:                        Gregory L. Waples, Paul J. Van de Graaf, Assistant United States Attorneys, *for* Eugenia A. P. Cowles, Acting United States Attorney, District of Vermont, Burlington, VT.

FOR DEFENDANT-APPELLANT:             Mark A. Kaplan, Kaplan and Kaplan, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 23, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant David Eisenhart appeals from a February 23, 2017 judgment following his plea of guilty to bank fraud in violation of 18 U.S.C. § 1344. When calculating the Sentencing Guidelines range, the District Court included, pursuant to U.S.S.G. § 3B1.3, a two-level increase for abuse of a position of private trust. The District Court then sentenced Eisenhart to, *inter alia*, a year and a day in prison. On appeal, Eisenhart argues that (1) the two-level increase for abuse of a position of trust was procedurally unreasonable, and (2) the two-level increase resulted in a substantively unreasonable prison sentence. We conclude that his arguments are without merit and affirm.

## BACKGROUND[1]

The parties agree that between October 2013 and June 2015 Eisenhart perpetrated two criminal schemes.[2] The schemes are as follows:

*Cadillac Escalade Scheme.* In October 2013, Eisenhart purchased a 2011 Cadillac Escalade with financing from a credit union. Two months later, he fraudulently refinanced the loan by lying to another credit union about the purchase price of the vehicle, and received $58,935.11. Then in April 2015, while still owing over $50,000 on the vehicle-secured loan, Eisenhart fraudulently procured a clean title from the Vermont Department of Motor Vehicles by falsely reporting that the title was lost and presenting a forged document purportedly showing that the credit union had released the lien. This scheme culminated in Eisenhart selling the Escalade to a used car dealer in May 2015 and pocketing the proceeds for himself.

*Wilkins Enterprises Scheme.* From 2011 through March 2015, Eisenhart was a business manager at Wilkins Enterprises, Inc., a Harley-Davidson motorcycle dealership. As business manager, Eisenhart was responsible for all paperwork relating to motorcycle sales. Beginning around 2013, he embezzled nearly $17,000 from customers by underreporting cash down payments. He concealed the embezzlements by altering documents such as bills of sale and warranty documents.

---

[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We refer to the background of the case only as necessary to explain our decision to affirm.

[2] The parties also agree that Eisenhart perpetrated a third scheme involving a loan on a BMW motorcycle, but that scheme is not relevant for purposes of this appeal.

This scheme continued through March 2015, when the accounting irregularities were discovered and Eisenhart was fired.

In December 2015, the Government filed a three-count indictment, covering both schemes. The parties ultimately reached an agreement in which Eisenhart pled guilty to bank fraud in violation of 18 U.S.C. § 1344 for the Cadillac Escalade Scheme. In the plea agreement, Eisenhart stipulated that, if the sentencing court determined he had also committed the Wilkins Enterprises Scheme, it could consider all the resulting losses in calculating the advisory imprisonment range.

At sentencing, the District Court considered both the Cadillac Escalade and Wilkins Enterprises Schemes when calculating the Guidelines advisory range. The District Court thus included the losses from the Wilkins Enterprises Scheme when calculating a six-level specific offense characteristics increase for losses exceeding $40,000, and included a two-level increase for Eisenhart's abuse of Wilkins Enterprises' trust when defrauding its customers.

The District Court arrived at an offense level of thirteen and a criminal history category of I, resulting in a Guidelines range of twelve to eighteen months. The District Court ultimately sentenced Eisenhart to one year and one day in prison, to be followed by three years of supervised release, and ordered Eisenhart to pay $68,212.51 in restitution.

This appeal followed.

## DISCUSSION

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal alterations, citations, and quotation marks omitted). Legal questions are reviewed *de novo* and factual determinations for clear error. *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009).

### I.    Procedural Reasonableness

Eisenhart argues that the District Court committed procedural error by applying a two-level abuse of trust enhancement. He rests his argument on a distinction between "relevant" conduct and "charged" conduct. Specifically, he admits that his conduct in both schemes was "relevant" to determining his specific offense characteristics and amount owed in restitution, but contends that the non-charged yet "relevant" conduct cannot be considered for the purposes of the abuse of trust enhancement. According to Eisenhart, this is in part because the victim of the abuse of trust must be the victim of the charged offense. We disagree.

By its plain language, the Guidelines foreclose Eisenhart's proposed distinction. Guidelines Section 3B1.3 provides that, "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the *offense*, increase by **2** levels." U.S.S.G. § 3B1.3 (emphasis added). "Offense," in turn, is defined as "the offense of conviction and *all relevant conduct* under § 1B1.3 (Relevant Conduct) . . . ." U.S.S.G. § 1B1.1 cmt. n.1(H) (emphasis added). And where, as here, an offense is "of a character for which § 3D1.2(d) would require grouping of multiple counts," "relevant conduct" encompasses all acts or omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Guidelines Section 3B1.3 therefore prescribes abuse of trust enhancements for all "relevant conduct," including all acts that were "part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.*

Eisenhart concedes that his "thefts from Wilkins' customers . . . [are] relevant conduct to his offense of conviction," and does not challenge the inclusion of the losses from those thefts in the specific offense characteristics and restitution calculations. Appellant Br. at 18. Having so conceded, Eisenhart cannot also argue that the thefts from the Wilkins Enterprises Scheme were not relevant conduct for the abuse of trust enhancement. Indeed, the Guidelines expressly reject such a distinction, specifying that the definition of "relevant conduct" also applies to "adjustments in Chapter Three," where the abuse of trust enhancement is found. U.S.S.G. § 1B1.3(a).

The only question remaining is whether Eisenhart, in fact, abused a position of trust when committing the Wilkins Enterprises Scheme. *See United States v. Nuzzo*, 385 F.3d 109, 115 (2d Cir. 2004). Eisenhart does not contest that he abused a position of trust when perpetrating the scheme; rather, he avers that Wilkins Enterprises is not considered a victim for the purposes of the enhancement. This argument is meritless, because the enhancement applies where the defendant abused the trust of a secondary victim of the crime. *Friedberg*, 558 F.3d at 135–36. Here, Wilkins Enterprises is a secondary victim, for the business suffered significant staffing disruptions and reputational damage following the discovery of Eisenhart's crime. App'x at 45.

In sum, we conclude that the District Court did not commit procedural error when it applied a two-level increase for abuse of a position of private trust pursuant to U.S.S.G. § 3B1.3.

## II.    Substantive Reasonableness

We also conclude that Eisenhart's prison sentence of one year and one day was substantively reasonable. Not only was it at the bottom end of the advisory range, it was only one day longer than

4

the sentence Eisenhart himself urged in his sentencing memorandum.[3] Accordingly, the sentence comfortably "falls within the broad range that can be considered reasonable under the totality of the circumstances." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

## CONCLUSION

We have reviewed all of the arguments raised by Eisenhart on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 23, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The extra day was added for Eisenhart's benefit. *See* Joint App'x at 88. Under 18 U.S.C. § 3624(b)(1), only "a prisoner who is serving a term of more than 1 year . . . may receive credit toward the service of the prisoner's sentence" for good behavior.