17-1692
United States of America v. Rancourt

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
>     Circuit Judges,
> MICHAEL P. SHEA,*
>     District Judge.

────────────────────────────────────────

UNITED STATES OF AMERICA,
> Appellee,

-v.-                                            17-1692

DAVID J. RANCOURT,
> Defendant-Appellant.

────────────────────────────────────────

───────────────

\* Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-APPELLANT:**   JAMES P. EGAN, Assistant Federal Public Defender, for Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

**FOR APPELLEE:**   CARINA H. SCHOENBERGER, Assistant United States Attorney, for Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

David Rancourt pleaded guilty in the United States District Court for the Northern District of New York (D'Agostino, J.) to attempted coercion and enticement of a minor, as well as distribution, receipt, and possession of child pornography. Rancourt appeals his sentence of 188 months' imprisonment and a life term of supervised release, alleging both procedural and substantive unreasonableness. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." United States v. Conca, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Rancourt contends that the district court committed procedural error by failing to explain its reasons for imposing the life term of supervised release. We review this claim only for plain error, as Rancourt failed to object to his sentence on that basis below. See United States v. Wagner-Dano, 679 F.3d 83, 88 (2d Cir. 2012).

The district court clearly explained its reasons for imposing the sentence as a whole. In doing so, it made

specific reference to a number of the factors in 18 U.S.C. § 3553(a), including the nature of the offense and the defendant's personal characteristics.  See, e.g., App'x at 98 (noting the "extremely disturbing" nature of the images and videos in Rancourt's possession); id. at 100 (noting that Rancourt is a "moderate, not a minimal . . . risk to reoffend").  No more was required.  We have never held that a sentencing court must separately "state . . . the reasons for its imposition of" *each component* of its sentence.  18 U.S.C. § 3553(c); see also United States v. Cavera, 550 F.3d 180, 192-93 (2d Cir. 2008) (en banc).  Accordingly, the court's failure to separately explain the basis for the supervised release term cannot be deemed a plain error.

**2.** Rancourt next argues that his below-Guidelines prison sentence of 188 months is substantively unreasonable.  His argument is primarily an assertion that the Guidelines applicable to child pornography offenses provide for excessive penalties.  We have acknowledged the potential for the Guidelines to produce substantively unreasonable sentences in child pornography cases, see United States v. Dorvee, 616 F.3d 174, 184-88 (2d Cir. 2010), but we have "never held that a district court is required to reject an applicable Guideline," United States v. Salim, 690 F.3d 115, 126 (2d Cir. 2012).

The record in this case shows (and the district court properly considered) that Rancourt solicited a sexual encounter with someone he believed to be a 14-year-old, extensively traded child pornography of a particularly revolting kind, and had apparently had sexual encounters with minors in the past.  We cannot say that Rancourt's sentence falls outside "the broad range of sentences that [are] reasonable," in light of the seriousness of his conduct, the importance of deterring it, and the risk that Rancourt might reoffend.  United States v. Friedberg, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted).

3

As to the supervised release sentence: Rancourt's brief does not identify any reason why the within-Guidelines term falls outside the permissible range.  See id. ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the [permissible] range . . . ." (internal quotation marks omitted)); see also Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

We have considered Rancourt's remaining arguments and find them to be without merit.  For the foregoing reasons, We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4