19-3130
*United States v. Benjamin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                         19-3130

LAWRENCE WALSH AKA SEALED
DEFENDANT 2,

    *Defendant*,

LUIDJI BENJAMIN AKA SEALED DEFENDANT
1,

    *Defendant-Appellant*.

_____

For Appellee:                      JACOB GUTWILLIG (Mollie Bracewell, Elinor Tarlow, Anna Skotko, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the

Southern District of New York, New York, NY.

For Defendant-Appellant:                   ARZA FELDMAN Feldman & Feldman Attorneys at Law, Manhasset, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luidji Benjamin appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J*.), sentencing Benjamin to 204 months' imprisonment after Benjamin was convicted by a jury of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) and sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a) and (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Benjamin argues that: (1) the evidence introduced at trial was insufficient to prove that he had conspired to commit sex trafficking; (2) the government failed to establish venue in the Southern District of New York for either count of conviction; (3) he is entitled to a new trial because the district court improperly admitted testimony suggesting that Benjamin had admitted his guilt; (4) the district court improperly admitted evidence that Benjamin had a reputation in the community for being a "swindler"; and (5) his sentence was substantively unreasonable. We address these arguments in turn.

*First*, Benjamin challenges the sufficiency of the evidence supporting his conviction for conspiracy to commit sex trafficking. We review challenges to the sufficiency of the evidence *de novo*, considering the totality of the evidence and drawing all permissible inferences in the

2

government's favor, and will enter a judgment of acquittal "only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016).[1]

Benjamin argues that the government introduced insufficient evidence to prove that he and co-defendant Lawrence Walsh conspired to sexually traffic minors. According to Benjamin, "[a]t most, what [the government has] shown is that Mr. Benjamin hung out with Lawrence Walsh, that he was at the house occasionally. They haven't shown any agreement." Appellant's Br. 11. We disagree. Walsh testified that he engaged in sex trafficking of a minor with Benjamin. He further testified that he and Benjamin posted commercial sex advertisements online and they discussed how to make the advertisements more persuasive and avoid having them removed. In addition, a minor testified that Benjamin proposed she engage in prostitution and later directed her to do so at Walsh's house. A second minor testified that she had a discussion with Benjamin, Walsh, and the first minor about engaging in prostitution, and that she ultimately did engage in prostitution for Walsh's financial benefit. This evidence is sufficient for a rational jury to infer that Benjamin and Walsh agreed to sexually traffic minors in violation of 18 U.S.C. § 1594(c). Benjamin's sufficiency challenge therefore fails.[2]

*Second*, Benjamin challenges venue for both counts of conviction because "no aspect of the crime, including enticement, occurred in [the Southern District of New York]." Appellant's

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

[2] The parties dispute whether Benjamin objected to the sufficiency of the evidence below so as to preserve this argument for appeal. Because we conclude that Benjamin's sufficiency challenge fails regardless, we need not reach this issue.

3

Br. 20. "A defendant in a criminal case has the right to be tried in the district where the crime was committed." *United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016). "When a federal statute defining an offense does not specify how to determine where the crime was committed, the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Id*. Venue may lie in more than one location and "is proper in any district in which an offense was begun, continued, or completed." *Id*. at 69. Venue is proper for conspiracy charges "in any district in which an overt act in furtherance of the conspiracy was committed." *Id*. at 70. We review venue challenges *de novo*, with the government bearing the burden of proving venue by a preponderance of the evidence. *Id.* at 69. In doing so, "we review the sufficiency of the evidence as to venue in the light most favorable to the Government, crediting every inference that could have been drawn in its favor." *Id*.

We conclude that the government introduced sufficient evidence to establish venue for both counts of conviction in the Southern District of New York. A minor testified that Benjamin first contacted her using Facebook Messenger in the fall of 2015, when she was living in a residential treatment center located in the Southern District of New York. The minor thought of Benjamin as her boyfriend, and they discussed meeting in person over Facebook Messenger. The minor then travelled from her residence to Queens, where she met Walsh and then Benjamin. Once in Queens, she began a sexual relationship with Benjamin and lived with Benjamin for the next two to three months. During that time, Benjamin suggested that the minor engage in prostitution. The minor agreed and was later featured in commercial sex advertisements listing Benjamin's contact information. We conclude that this evidence was sufficient for a reasonable jury to find by a preponderance of the evidence that Benjamin recruited or enticed the minor, while she resided in the Southern District of New York, to engage in prostitution and that venue

4

was therefore proper for both counts of conviction. *See* 18 U.S.C. § 1591(a); *United States v. Kim*, 246 F.3d 186, 192 (2d Cir. 2001) (noting that "communications to and from New York were sufficient to support venue for . . . prosecution in the Southern District").

*Third*, Benjamin argues that the district court abused its discretion in admitting Walsh's testimony that, while incarcerated, Benjamin showed him a document and indicated with a joking gesture that "they were caught." Appellant's Br. 29. "We review evidentiary rulings by the district court for abuse of discretion." *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019). "An erroneous evidentiary decision that has no constitutional dimension is reviewed for harmless error." *United States v. Vayner*, 769 F.3d 125, 133 (2d Cir. 2014). "Under harmless error review, we ask whether we can conclude with fair assurance" that any error "did not substantially influence the jury." *United States v. Litvak*, 808 F.3d 160, 184 (2d Cir. 2015). "The principal factors for such an inquiry are the importance of the witness's wrongly admitted testimony and the overall strength of the prosecution's case." *United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2003).

The district court initially permitted Walsh to testify to his understanding that Benjamin had indicated that they were caught. Immediately after a short recess, however, the district court ordered the jury to disregard Walsh's "testimony regarding the last conversation in the MCC" because it was "too ambiguous" for the jury to draw conclusions from. J.A. 51. The district court later charged the jury that it "may not consider any answer that [the district court] directed [it] to disregard or that [the district court] directed be stricken from the record." Trial Tr. 543, Dist. Ct. Dkt. 61 at 80. We therefore need not decide whether the challenged testimony was erroneously admitted in the first instance because we conclude any error was harmless. "[W]e will presume that juries follow limiting instructions unless there is an overwhelming probability that the jury

5

will be unable to follow the court's instructions and the evidence is devastating to the defense." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 136 (2d Cir. 2008). Nothing in the record suggests that the jury was unable to follow the court's prompt curative instruction. *See id.*

*Fourth*, Benjamin argues that the district court abused its discretion in admitting evidence that he had a reputation in the community as a "swindler." This argument likewise fails. Again, we need not resolve whether this evidence was properly admitted because its inclusion was harmless in light of the district court's prompt decisions to sustain defense counsel's objection to the witness's description of what she meant by a "swindler" and instruct the jury to disregard that description. We also conclude that the challenged pieces of testimony were cumulatively harmless. The government introduced considerable evidence of Benjamin's guilt at trial, including the testimony of Walsh and two minor victims, and evidence of commercial sex advertisements featuring the minors. We are confident that the challenged testimony "did not substantially influence the jury." *Litvak*, 808 F.3d at 184.

*Finally*, Benjamin challenges the substantive reasonableness of his within-Guidelines 204-month sentence. We review a sentence for substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter

6

of law." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013).

Here, the district court considered the seriousness of the crime, involving sex trafficking of minors, and the need for general deterrence, as well as mitigating factors including Benjamin's age and the fact that he did not traffic minors as a profession. It also explained both why it did not adopt defense counsel's recommended sentence of 10 years' imprisonment, and why it did not impose an above-Guidelines sentence of 25 years' imprisonment. Under these circumstances, we have no reason to conclude that Benjamin's within-Guidelines sentence was substantively unreasonable. *See United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (noting that while not presumptively reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances").

We have considered Benjamin's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk