15-870-cr
United States of America v. Zaman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of April, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
                  *Appellee*,

              v.                                              15-870-cr

MAHABUBUZ ZAMAN, aka SEALED DEFENDANT 1,
aka FAISEL, aka FAISEL AHMED,
aka ZAMAN MAHABUB,[1]

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Daniel DeMaria, Merchant Law Group, New York, NY.

Appearing for Appellee:      Lisa P. Korologos, Assistant United States Attorney (Alexander Wilson, Brian J. Blais, Assistant United States Attorneys, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mahabubuz Zaman appeals from the March 16, 2015 judgment of conviction entered against him in the United States District Court for the Southern District of New York (Nathan, J.) sentencing him to 88 months' incarceration, three years' supervised release, and a $300 assessment. Zaman was also ordered to pay $2,638,700.30 in restitution, and the same amount in forfeiture. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Zaman was convicted, after jury trial, on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, one count of conspiracy to commit identity fraud in violation of 18 U.S.C. § 1028(f), and one count of using a false passport in violation of 18 U.S.C. § 1543. The charges flowed from a large-scale bank fraud and false identification documents conspiracy. In broad strokes, the conspiracy created sham companies, opened bank accounts in the sham companies' names, created counterfeit checks to deposit in those accounts, and extracted cash before the victim banks realized the transactions were fraudulent.

On appeal, Zaman argues that his sentence is procedurally unreasonable because the district court improperly imposed a four-level enhancement for his role as a leader of the criminal activity, and an eighteen-level enhancement based on the loss amount. "We review a challenged sentence for reasonableness. This inquiry has both procedural and substantive components." *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009) (internal citation and quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).

In deciding whether a defendant is a leader within the meaning of the sentencing enhancement, the district court considers "the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." *United States v. Beaulieau*, 959 F.2d 375, 379-80 (2d Cir. 1992) (citation omitted). Here, Zaman argues that the district court erred by failing to consider evidence that he believes to be exculpatory. We disagree. The district court considered each of the factors above and found by a preponderance of the evidence that Zaman played a key role in organizing any number of jobs undertaken by the conspiracy. There is no error.

Zaman also argues that the district court erred in finding the entire loss amount was foreseeable by him. "A district court's factual findings relating to loss must be established by a preponderance of the evidence, and we review them for clear error." *United States v. Brennan*, 395 F.3d 59, 74 (2d Cir. 2005) (citations and internal quotation marks omitted). A defendant who

leads a criminal conspiracy is liable for all "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B)(iii) (2014). Thus, "[u]nder the relevant conduct principles of subsection 1B1.3(a)(1)(B), all reasonably foreseeable acts . . . of others in furtherance of [a] conspiracy may be taken into account to determine a defendant's sentence." *United States v. Molina*, 106 F.3d 1118, 1121 (2d Cir. 1997) (internal quotation marks omitted). The record here fully supports the district court's finding that Zaman was a leader of the conspiracy, and is thus liable for all losses caused by the conspiracy. There is no error.

We have considered the remainder of Zaman's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk