United States v. Martin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                          16-4131

JERROD MARTIN,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Lisa A. Peebles, Federal Public Defender for the Northern District of New York (Molly K. Corbett, James P. Egan, *on the brief*), Albany, N.Y.

Appearing for Appellee:     Paul D. Silver, Assistant United States Attorney for the Northern District of New York (Cyrus P.W. Rieck, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jerrod Martin appeals from the 12-month sentence of imprisonment imposed following his conviction, after a jury trial, on one count of misdemeanor interference with an officer or employee of the United States in violation of 18 U.S.C. § 111. The sentence is to be served consecutive to the 150-month term of imprisonment Martin is already serving on unrelated charges. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a challenged sentence for reasonableness. This inquiry has both procedural and substantive components." *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009) (internal citation and internal quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).

Martin first challenges the district court's decision not to reduce his offense level based on his acceptance of responsibility. Martin argues that he offered to plead guilty to simple assault, and the government declined to accept that plea. However, even if his plea had been accepted, Martin would not be automatically entitled to an adjustment for acceptance of responsibility. *See United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir. 2001). The district court's decision whether to grant the adjustment is "entitled to great deference on review" because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 5; *see also United States v. Reyes*, 9 F.3d 275, 280 (2d Cir. 1993) ("[T]he sentencing judge is unquestionably in a better position to assess contrition and candor than is an appellate court.") (internal quotation marks omitted). While Martin offered to plead guilty to simple assault, after the government declined he proceeded to trial on that count, putting the government to its proof. Martin also declined to speak to the probation officer preparing the presentence report, or to address the district court during sentencing. The record amply supports the district court's decision not to adjust based on acceptance of responsibility.

Martin also appeals the district court's decision not to downwardly depart based on the conduct of others involved in the incident at issue. "A district court's decision not to depart downward is within the court's broad discretion and rarely reviewed on appeal." *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016) (citation and internal quotation marks omitted). "A district court is not obliged to give reasons for refusing to depart, and, where a defendant has not shown a violation of law or misapplication of the Guidelines, refusal to depart warrants vacatur only if the defendant points to clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* (citation and internal quotation marks omitted). Martin makes no such showing here.

We have considered the remainder of Martin's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk