18-460-cr
United States of America v. Glenn C. Mears

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          18-460-cr

GLENN C. MEARS,

*Defendant-Appellant*.

_____

For Appellee:                      GRANT C. JAQUITH, United States Attorney for the Northern District of New York (Cyrus P.W. Rieck, Carina H. Schoenberger, Assistant United States Attorneys, *on the brief*), Syracuse, NY.

For Defendant-Appellant:      LISA PEEBLES, Federal Public Defender (Molly Corbett, James P. Egan, Assistant Federal Public Defenders, *on the brief*), Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Glenn C. Mears ("Mears") challenges his sentence in the United States District Court for the Northern District of New York (McAvoy, *J.*). On September 7, 2017, a federal grand jury returned an indictment charging Mears with one count of distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A); six counts of possessing child pornography involving prepubescent minors and minors under twelve years old, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256(8)(A); and four counts of possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A). On October 13, 2017, Mears pled guilty to all eleven counts. On February 12, 2018, the district court sentenced Mears to a term of imprisonment of 120 months on each count, such terms to run concurrently, as well as a life term of supervised release on each count, such terms to run concurrently. Mears timely appealed. On appeal, Mears challenges both the duration of his sentence and two conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

<u>Discussion</u>

I.      **Duration of the Sentence**

This Court reviews a defendant's challenge to his sentence under a "reasonableness" standard of review that contains both procedural and substantive components. *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009). Reasonableness review is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other*

2

*grounds by Rita v. United States*, 551 U.S. 338 (2007); *see also Gall v. United States*, 552 U.S. 38, 52 (2007).   Mears contests both the procedural and substantive reasonableness of his sentence.

### A.  Procedural Reasonableness

A sentence is procedurally unreasonable where the district court "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence."   *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).   But Mears does not allege that his sentence suffers from any of those deficiencies.   Instead, he claims that the district court erred by considering a statement given to federal agents by Mears's stepdaughter.

On June 29, 2017, federal agents interviewed Mears's then-twenty-three-year-old stepdaughter, who informed them that she had once seen nude photos of young girls on Mears's computer twelve to thirteen years prior.   The stepdaughter also claimed that when she was in elementary school, Mears had forced her to undress in front of him as punishment for doing something wrong.   She further claimed that Mears had taken inappropriate photos of her while bathing, as well as inappropriate videos of young girls in bathing suits at a local pool party.   Mears denied these claims.   Nevertheless, in sentencing Mears, the district court considered "the prior allegations of the defendant's behavior towards his stepdaughter when she was a minor . . . in assessing the defendant's risk of danger to minors in the community."   App. 68.

The district court committed no error in considering that information.   The 2016 Sentencing Guidelines (the "Guidelines") mandate that sentencing courts consider, *inter alia*, "the history and characteristics of the defendant."   18 U.S.C. § 3553(a)(1).   In sentencing a defendant, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive

and consider for the purpose of imposing an appropriate sentence." *Id.* § 3661. Indeed, it is "'[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence' that [the sentencing court] possess 'the fullest information possible concerning the defendant's life and characteristics.'" *United States v. Broxmeyer*, 699 F.3d 265, 293 (2d Cir. 2012) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).

Mears does not contest that the federal agents accurately recounted his stepdaughter's statement. Moreover, that statement had obvious relevance to Mears's "background, character, and conduct." 18 U.S.C. § 3661. Given Mears's confession that he had distributed child pornography, viewed child pornography over more than a decade, and maintained a sizable personal collection of child pornography, the district court reasonably considered allegations that Mears had previously taken inappropriate videos and photographs of minors in assessing Mears's danger to the community. Finally, the district court considered those allegations alongside substantial character evidence in Mears's favor, such as "a number of letters . . . speaking to [Mears's] hard-working abilities and his good character." App. 56. Under these circumstances, the district court's determination of Mears's sentence was not procedurally unreasonable.

### B. Substantive Reasonableness

In assessing substantive reasonableness, this Court must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen,* 792 F.3d 247, 255 (2d Cir. 2015) (alteration in original) (internal quotations omitted).

4

The district court adopted the sentencing calculation in the defendant's presentencing report ("PSR"), which recommended a sentencing range of 210 to 262 months under the Guidelines. Nevertheless, the district court sentenced Mears to only 120 months in prison, followed by a life term of supervised release. We have observed in the past that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Friedberg*, 558 F.3d at 137 (internal quotation marks and citations omitted). Accordingly, "it is difficult to find that a below-Guidelines sentence is substantively unreasonable." *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016) (citation and brackets omitted). Those principles undoubtedly apply here, where Mears faced a recommended sentence of between 17.5 and 21.8 years, but the district court sentenced him to only ten.

Mears argues that the district court placed undue weight on his stepdaughter's statement, but that contention lacks merit. The district court cited Mears's "possession of numerous images depicting sadomasochistic inappropriate behavior . . . including bound minors and infants," ample justification for a "substantial sentence" even absent his stepdaughter's claims. App. 68. Moreover, the district court clearly placed substantial weight on mitigating factors such as Mears's remorse, lack of criminal history, history of stable employment, and medical conditions, as evidenced by its downward departure from the recommended Guidelines range. The district court was required to consider "the need for the sentence . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Accordingly, it did not place undue weight on Mears's stepdaughter's allegations that Mears had previously taken inappropriate videos and photographs of young children in calculating Mears's substantially-below-Guidelines sentence. Under these circumstances, the district court's sentence was not substantively unreasonable.

5

For the foregoing reasons, we **AFFIRM** the district court's judgment sentencing Mears to eleven concurrent terms of imprisonment for 120 months each and eleven concurrent life terms of supervised release.

## II.     Conditions of Supervised Release

Mears also challenges the district court's imposition of two special conditions of his supervised release relating to Mears's use of alcohol. Special Condition 11 requires Mears to "participate in a program for substance abuse" that might involve "abstaining from the use of any alcohol," and to "contribute to the cost" of that program. App. 82. Special Condition 13 requires Mears to "refrain from the use of alcohol and be subject to alcohol testing and treatment while under supervision." App. 83.

Where, as here, a defendant with notice does not object to the conditions of his supervised release, this Court reviews those conditions for plain error. *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

Here, both Mears and the government agree that the district court plainly erred by imposing Special Conditions 11 and 13 because those conditions are not reasonably related to the

6

circumstances of Mears's offense. The district court imposed these conditions despite noting that "there's no substance abuse or addiction problems in this case, to the defendant's credit." App. 67. Nothing in the record below contains any suggestion that Mears has a problem with drugs or alcohol. None of his offense conduct involved drugs or alcohol. Nor did Mears's self-reported history contain any indication of drug or alcohol abuse.

We agree with both parties that the district court plainly erred in imposing the challenged conditions. Special Conditions 11 and 13 are not reasonably related to any of the factors outlined in § 5D1.3(b) and cannot stand. *See Betts*, 886 F.3d at 203 (vacating special condition banning all alcohol use where none of the defendant's underlying conduct involved the use of alcohol). Accordingly, we **VACATE** Special Conditions 11 and 13 of Mears's supervised release and **REMAND** to the district court for the limited purpose of removing those two conditions of Mears's supervised release.

\* \* \*

For the above-stated reasons, the district court's judgment is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** to the district court for the limited purpose of removing Special Conditions 11 and 13 of Mears's supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk