19-4024-cr
*United States v. Bershan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:   John M. Walker, Jr.,
           Robert D. Sack,
           Steven J. Menashi,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
        *Appellee,*

        v.                                              No. 19-4024-cr

LISA BERSHAN,
        *Defendant-Appellant,*

BARRY SCHWARTZ, JOEL MARGULIES,

*Defendants.*[*]

_____

For Appellee:                         CHRISTINE MAGDO, Assistant United States
                                      Attorney (Negar Tekeei, Karl Metzner,
                                      Assistant United States Attorneys, *on the
                                      brief*), *for* Audrey Strauss, United States
                                      Attorney for the Southern District of New
                                      York, New York, NY.


For Defendant-Appellant:              JEREMIAH DONOVAN, The Law Offices of
                                      Jeremiah & Terry Donovan, Old Saybrook,
                                      CT.


Appeal from a judgment of the United States District Court for Southern

District of New York (Rakoff, *J.*).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Lisa Bershan appeals from a judgment of conviction

entered by the United States District Court for the Southern District of New York.

Bershan pleaded guilty pursuant to a plea agreement to a nine-count information

charging her with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349;

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

wire fraud in violation of 18 U.S.C. §§ 1343 and 2; aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2; conspiracy to commit securities fraud in violation of 18 U.S.C. § 371; securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; money laundering in violation of 18 U.S.C. §§ 1956(a)(B)(ii) and 2; conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; and unlawful receipt of a firearm in violation of 18 U.S.C. §§ 922(a)(3), 924(a)(1)(D), and 2. The district court sentenced Bershan to 84 months of imprisonment followed by five years of supervised release and ordered her to pay approximately $3 million in restitution to her victims. Bershan challenges the procedural reasonableness of her sentence, which was three months longer than the maximum sentence recommended under the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

Ordinarily, "[w]e review a challenged sentence for 'reasonableness,'" *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009), which is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the

3

course of exercising discretion, or made a clearly erroneous finding of fact," *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013). But where, as here, "[the] defendant [did] not object at sentencing to [the] district court's failure to explain its reasoning, we review the … challenge for plain error." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). To carry her burden, the defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights …; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alteration omitted).

A district court commits procedural error if it fails to calculate the sentencing range recommended under the federal Sentencing Guidelines, makes a mistake in calculating the Guidelines range, or treats the Guidelines as mandatory. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The district court also commits procedural error if it fails to consider the sentencing factors listed in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding

4

of fact, or fails adequately to explain its sentence. *Id.* The court's explanation of its sentence "must satisfy us that it has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *Id.* at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alteration omitted). In addition, the court "must include 'an explanation for any deviation from the Guidelines range,'" which requires the court to "say why [it] is doing so, bearing in mind … that 'a major departure from the Guidelines should be supported by a more significant justification than a minor one.'" *Id.* at 190, 193 (quoting *Gall v. United States*, 552 U.S. 50-51 (2007)) (alteration omitted).

Applying these principles, we hold that Bershan's sentence was procedurally reasonable. At sentencing, the parties agreed that the district court accurately calculated the applicable sentencing range under the Guidelines and that the pre-sentencing report on which it relied did not contain any material factual errors. App'x 191-93. Moreover, the district court's comments at the sentencing hearing manifestly show that it did not treat the Guidelines as mandatory or fail to consider the sentencing factors provided in 18 U.S.C. § 3553(a). *Id.* at 192, 285-88. The district court also provided an adequate explanation for its upward variance from the Guidelines. *Id.* at 236-37, 285-88. On

5

this record, we see no basis for concluding that the district court committed any procedural error, let alone error that is "clear or obvious, rather than subject to reasonable dispute" or that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Marcus*, 560 U.S. at 262 (alteration omitted).

## II

Bershan's arguments to the contrary are unavailing. First, Bershan argues that the district court violated its obligation under 18 U.S.C. § 3553(a)(4) to "consider" the Guidelines because the court expressed contempt for the Guidelines during the sentencing hearing. The district court's commentary on the Guidelines, however, does not establish that it refused or failed to consider the Guidelines. The record shows that the district court expressly acknowledged its legal obligation to consult the Guidelines and confirmed that it would consider the Guidelines to the extent "required by law." App'x 192. The court also stated that it was bound by law to "take account of" the factors listed in 18 U.S.C. § 3553(a), which it described as "the law that binds me and every other judge." *Id.* at 285.

That law commands judges to "consider," among other things, "the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the

6

[G]uidelines … issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(4)(A)(i). The district court was not required to analyze that particular sentencing factor on the record to demonstrate that it was considered. *See United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007) ("[W]e do not insist that the district court … discuss every § 3553(a) factor individually. We do not prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to 'consider' the Guidelines.") (internal citation and quotation marks omitted); *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

Moreover, the district court ultimately imposed a sentence just three months above the upper end of the Guideline range, suggesting that it used the Guidelines as a "benchmark or a point of reference or departure." *Villafuerte*, 502 F.3d at 209. That approach to sentencing is procedurally reasonable. *See Gall*, 552 U.S. at 49 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.").

Bershan argues that just as it is error to treat the Guidelines as mandatory, so too is it error to treat the Guidelines as contemptible. Appellant's Br. 32-33. Bershan offers no support for that assertion. We have never held that a district judge may not express disagreement with the Guidelines as long as he or she affords the Guidelines the consideration required by law. We have even recognized that "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines." *Cavera*, 550 F.3d at 191. Such disagreement, even if strongly worded, is not tantamount to error.

## III

Next, Bershan argues that the district court committed procedural error by failing to consider the availability of a downward departure from the Guidelines range under U.S.S.G. § 5K2.13 and by failing to rule on Bershan's request for a downward departure under that section. Section 5K2.13 provides that in certain circumstances, "[a] downward departure [from the Guidelines range] may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." Bershan's claim that the district court refused to consider its departure authority under this

8

provision is inaccurate. Far from failing to consider its departure authority, the district court acknowledged that it could grant a variance regardless of whether "the particulars of any given departure," including § 5K2.13, were met. App'x 242. The district court thereby indicated that it was aware of the authority to grant a downward departure based on the defendant's diminished mental capacity.

The record also demonstrates that, contrary to Bershan's suggestion, the district court ruled on Bershan's request for a downward departure under § 5K2.13. After hearing from a doctor who testified to Bershan's struggles with mental illness and from Bershan's counsel, the district court stated that it was not "convinced that this defendant is in the same boat as someone who has a really major, major mental illness." *Id.* at 244. Despite that impression, the court acknowledged that Bershan's "many indications of mental illness … need to be taken into account" but concluded, after "balancing" all of the relevant factors, that a "very substantial sentence" was nevertheless warranted. *Id.* at 286-88. It is thus clear that the district court considered and rejected Bershan's request for a downward departure under § 5K2.13, a disposition that is reflected on the court's Statement of Reasons, which left the box for a departure under that provision unchecked. We will not infer a procedural error based on the court's failure to rule

9

more expressly on Bershan's request for a departure at the hearing. *See Smith*, 949 F.3d at 66 ("[W]e do not require district courts to engage in the utterance of 'robotic incantations' when imposing sentences.").

**IV**

Finally, Bershan argues that the district court erred by failing to provide a Statement of Reasons explaining its upward variance from the Guidelines in accordance with 18 U.S.C. § 3553(c)(2). This argument is mistaken because the court issued a Statement of Reasons acknowledging the above-Guidelines sentence and listing "Victim Impact" as the reason for the variance. That justification was consistent with the district court's remarks at sentencing, which noted the "immense pain and suffering" inflicted by Bershan's crimes. App'x 285-86.

Moreover, because the district court's deviation from the Guidelines was "a minor one," it was not required to provide a lengthy statement explaining its upward variance. *Cavera*, 550 F.3d at 193. Under these circumstances, the court's explanation was sufficient to "satisfy us that it has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *Id.* (quoting *Rita*, 551 U.S. at 356) (alteration omitted).

10

\* \* \*

We have considered Bershan's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court